PEB: USAO 2021R00463
JTM 07.29.21

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SARA RENEE KEATON,<br><br>Defendant. | CRIMINAL NO. ELH 21cr307<br><br>(Conspiracy to Commit Wire Fraud, 18 U.S.C. § 1349; Aggravated Identity Theft, 18 U.S.C. § 1028(A); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture,18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p) 28 U.S.C. § 2461(c)) |

### INDICTMENT

### COUNT ONE
(Wire Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1. Defendant **SARA RENEE KEATON** ("**KEATON**"), age 59, was a resident of Baltimore City, Maryland.

2. Coconspirator **ROBERT LEE SNOWDEN, JR.** ("**SNOWDEN**") was a resident of Maryland.

3. Coconspirator **LARAE BETRAND** ("**BETRAND**") was a resident of Maryland.

**Background on the Supplemental Nutrition Assistance Program ("SNAP")**

4. The Supplemental Nutrition Assistance Program ("SNAP"), formerly known as the "Food Stamp Program," is a program funded by the USDA in accordance with the Food Stamp Act of 1977, established by the U.S. Government to alleviate hunger and malnutrition among low-income families. The USDA works with state governmental agencies, such as the Maryland Department of Human Resources (DHR), to assist low-income individuals who qualify to purchase groceries and certain food items.

1

5. Individuals can file a SNAP benefits application in person, by mail, or online. The online application requires the applicant's name, address, state of birth, and Social Security Number. Once an applicant is verified, DHR conducts a telephone interview to confirm eligibility for SNAP. If approved, SNAP benefits are loaded onto EBT cards similar to commercial debit cards, with the account number and cardholder's name imprinted on the front of the card. The EBT cards also have personal identifying information and other data concerning the applicant stored on them electronically. Each month, EBT cards are automatically credited with the appropriate level of food stamp benefits for each SNAP recipient in order to subsidize food purchases at participating supermarkets, convenience stores, and other food retailers.

6. SNAP benefits may only be used to purchase specific food items, and SNAP benefits may not be exchanged for cash or unauthorized items.

**Manner and Means of the Conspiracy and the Scheme and Artifice to Defraud**

7. It was part of the conspiracy and scheme and artifice to defraud that **KEATON**, **SNOWDEN** and persons known and unknown to the Grand Jury, would and did use the names, social security numbers, and other personal identifying information of various individual victims, without their consent, to obtain fraudulent Supplemental Nutrition Assistance Program ("SNAP") benefits from the Maryland Department of Human Resources (DHR).

8. It was further part of the conspiracy that **SNOWDEN** and others known and unknown to the Grand Jury sold the fraudulently obtained SNAP benefits to **KEATON** and others for the purchase of consumer goods.

9. It was further part of the conspiracy that **SNOWDEN** and others known and unknown to the Grand Jury caused the fraudulently obtained cards loaded with SNAP benefits to be mailed to **KEATON's** home address in Baltimore City.

10. It was further part of the conspiracy that **KEATON** opened the mail containing

2

the fraudulent SNAP cards and notified SNOWDEN by using her cell phone to send photos of the cards to SNOWDEN.

11.     It was further part of the conspiracy that **KEATON,** SNOWDEN, BETRAND and others known and unknown to the Grand Jury used the fraudulently obtained SNAP benefits to purchase consumer goods for the conspirators' own use.

## The Charge

12.     From in or about 2014, and continuing until in or about July 2020, in the District of Maryland, the defendant,

**SARA RENEE KEATON,**

conspired with others known and unknown to the Grand Jury, to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, businesses and individual victims, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises and, for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate and foreign commerce certain signals and sounds, in violation of Title 18, United States Code, Section 1343.

18 U.S.C. § 1349

## COUNTS TWO, THREE AND FOUR
(Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. Paragraphs one through eleven of Count One are incorporated here.

2. On or about the dates listed below, in the District of Maryland, the defendant,

### SARAH RENEE KEATON,

did, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess, and use, without lawful authority, a means of identification of other persons, knowing that the means of identification belonged to other persons; to wit, the defendant used and attempted to use the means of identification of the victims listed below to unlawfully obtain SNAP benefits during and in relation to wire fraud conspiracy under 18 U.S.C. § 1349, as charged in Count One.

| Count | Date | Victim |
| --- | --- | --- |
| 2 | December 7, 2019 | A.A. & T.C. |
| 3 | December 13, 2019 | T.C. |
| 4 | February 14, 2020 | J.C. |

18 U.S.C. § 1028A(a)(1) and (c)(5)
18 U.S.C. § 2

4

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One of this Indictment,

**SARAH RENEE KEATON,**

Defendant herein, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or,
   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*[signature]*
Jonathan F. Lenzner
Acting United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**

Foreperson
Date: August 05, 2021